IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>SAMSUNG GALAXY CELLULAR TELEPHONE, BEARING IMEI NUMBER 351966628896091, CONTAINING A 64 GIGABYTE SANDISK MICRO SD CARD CURRENTLY LOCATED AT THE SPRINGFIELD, MISSOURI, POLICE DEPARTMENT, 321 EAST CHESTNUT EXPRESSWAY, SPRINGFIELD, MISSOURI 65802 | Case No. 23-SW-2179-DPR |

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Lee Walker, a Task Force Officer (TFO) with the FBI Violent Crimes Against Children Task Force (FBI VCAC), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a police officer with the Springfield, Missouri, Police Department, since 2004. I am assigned as a TFO with FBI VCAC and a member of the Southwest Missouri Cyber Crimes Task Force (SMCCTF) headquartered in Joplin, Missouri. As an investigator with these entities, I have been tasked to investigate computer crimes, including violations against minors. I have gained expertise in the conduct of such investigations through training in seminars, classes, and everyday work related to conducting these types of investigations. I have attended trainings provided by the Internet Crimes Against Children Program, and

the Missouri Internet Crimes Against Children (ICAC) Task Force. I have authored, executed, or assisted in over 200 search warrants on the state and federal level. As part of my duties with FBI VCAC, I investigate criminal violations relating to the production, receipt, possession, and distribution of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A.

2. The statements in this affidavit are based on my personal observations, training and experience, investigation of this matter, and information obtained from other agents and witnesses. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

3. I have set forth the facts necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251, 2252, and 2252A, are contained within the following electronic device – **a Samsung Galaxy cellular telephone, bearing IMEI number 351966628896091, containing a 64 gigabyte Sandisk micro SD card, currently in police custody** (hereinafter, also referred to as "the Device"), which was surrendered to me on August 3, 2023, by United States Probation and Parole Officer (USP&P) Sandra Hille, after USP&P Officer David Booth discovered apparent evidence of child exploitation on the device during a routine search during a meeting with supervised offender, and owner of the device, Lonnie Orr. The Device is currently stored at the Springfield Police Department Cyber Crime Office evidence storage area, located at 321 East Chestnut

Expressway, Springfield, Greene County, Missouri 65802, also within the Western District of Missouri.

4. This affidavit is in support of an application for a search warrant for evidence, fruits, and instrumentalities of the foregoing criminal violations, which relate to the knowing possession, receipt, distribution, and/or production of child pornography, and coercion and enticement. The property to be searched is described in the following paragraphs and fully in Attachment A. I request the authority to search and/or examine the seized items, specified in Attachment B, as instrumentalities, fruits, and evidence of crime.

5. The applied-for warrant would authorize the forensic examination of the device for the purpose of identifying electronically stored data particularly described in Attachment B.

6. I have probable cause to believe that evidence of violations of 18 U.S.C. §§ 2251, 2252, and 2252A, involving the use of a computer, in or affecting interstate commerce, to produce, receive, possess, and/or distribute child pornography, are located in and within the aforementioned property described below. Thus, as outlined below, and based on my training and experience, there is probable cause to believe that evidence, fruits, and/or instrumentalities of the aforementioned crimes are located in this property.

**PROBABLE CAUSE**

7. On November 16, 2021, Lonnie Orr (Orr) was charged with failure to register as a sex offender, in violation of Title 18, United States Code, Section 2250(a).

Page 3 of 14

8. Orr pleaded guilty as charged on April 22, 2022, and was subsequently sentenced to 21-months' imprisonment, followed by a 10-year term of supervised release. The Court imposed a special condition of supervision ordering Orr to submit his "person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release…"

9. Orr commenced his term of supervised release on April 3, 2023.

10. On August 2, 2023, members of the USP&P contacted Orr outside of his place of employment in connection with their supervision duties. The Device, that is, a Samsung Galaxy cellular telephone, bearing IMEI number 351966628896091, containing a 64 gigabyte Sandisk micro SD card, was removed from his person.

11. Orr initially claimed that the phone was not his, but later confessed to being the owner of the Device and that he had purchased it one week ago.

12. A visual examination of the Device conducted by USP&P Officer David Booth revealed that it was registered to "Lonnie Syrus," and that Orr had been using it since early June of 2023. Officer Booth also located the following on the Device:

   a. Approximately 600 images depicting minor females posed in sexually provocative positions, and dressed in sexually provocative clothing;

   b. Two emails accounts, nwo.redwolf@gmail.com, in the name of Lonnie Syrus; and lolilvr5000@gmail.com, in the name of John Roberts;

Page 4 of 14

Case 6:23-sw-02179-DPR    Document 1-1    Filed 12/18/23    Page 4 of 14

c. A YouTube social media account in the name of JohnRoberts3079;

d. The Tor Browser application;

e. Browser history indicating that the Device's user had accessed multiple sites containing pornographic material, including, lolibase.xyz; and

f. An open tab on the Device's internet browser that was on a page at xefig.com, that contained a story of an adult male molesting an 8-year-old girl written by "Pedo phil."

13. I know that, based upon my training and experience, that the designation "loli" means Lolita, and that "pedo" is short for pedophile. Both terms are used frequently in the context of searching for and viewing child pornography. I also know that individuals interested in child pornography frequently have collections of children posed in a sexual manner and that such depictions often meet the legal definition of child pornography.

14. On August 3, 2023, USP&P Officer Daniel Shepers contacted me to request assistance in this case. He advised that the Device was seized and secured in the offices of the USP&P. I later met with USP&P Officer Sandra Hille and took custody of the Device. I secured the Device in the Springfield, Missouri Police Department Cyber Crime evidence storage area in anticipation of a warranted search.

# TECHNICAL TERMS

15. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Computer: The term "computer" as defined in 18 U.S.C. § 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

   b. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may

also include global positioning system ("GPS") technology for determining the location of the device.

c. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

d. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

e. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it

has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

f. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments. or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can

Page 8 of 14

Case 6:23-sw-02179-DPR   Document 1-1   Filed 12/18/23   Page 8 of 14

work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

g. Tablet: A tablet is a mobile computer, typically larger than a phone yet smaller than a notebook, that is primarily operated by touching the screen. Tablets function as wireless communication devices and can be used to access the Internet through cellular networks, 802.11 "wi-fi" networks, or otherwise. Tablets typically contain programs called apps, which, like programs on a personal computer, perform different functions and save data associated with those functions. Apps can, for example, permit accessing the Web, sending and receiving e-mail, and participating in Internet social networks.

h. Pager: A pager is a handheld wireless electronic device used to contact an individual through an alert, or a numeric or text message sent over a telecommunications network. Some pagers enable the user to send, as well as receive, text messages.

i. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet

service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

    j.    Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

16. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, computer, digital camera, portable media player, GPS, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

18. There is probable cause to believe that things that were once stored on the Device may still be stored there, for at least the following reasons:

    a.    Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after

they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d.  Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

19. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b.  Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely

reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

21. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

22. Based on the above facts, I believe probable cause exists for the issuance of a warrant to search the Device described more fully in Attachment A for (1) property

that constitutes evidence of the commission of a criminal offense; (2) contraband, the fruits of a crime, or things otherwise criminally possessed; and/or (3) property designated or intended for use or which is or has been used as the means of committing a criminal offense, namely possible violations of 18 U.S.C. §§ 2251, 2252, and 2252A, including, but not limited to, the items listed in Attachment B.

Further Affiant Sayeth Naught.

_____
Lee Walker
Task Force Officer
Federal Bureau of Investigations

Subscribed and sworn to before me via telephone on the __18__ th day of December 2023.

_____
HONORABLE DAVID P. RUSH
Chief United States Magistrate Judge
Western District of Missouri